**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-CV-00522 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, DAVID BROWN, | ) | Judge Edmond E. Chang |
| and ANDREA KERSTEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

James Hunt brought this lawsuit against the City of Chicago, David Brown (the former Superintendent of the Chicago Police Department), and Andrea Kersten (an employee of the Civilian Office of Police Accountability) after he was allegedly reassigned from his role as a Chicago Police Department patrol officer to desk duty. R. 1, Compl.[1] Hunt asserts equal protection and procedural due process claims, 42 U.S.C. § 1983, and brings a breach of contract claim for alleged violations of the Chicago Police Department's collective bargaining agreement. *Id.*[2] The Defendants move to dismiss both the federal and state law claims. R. 11, Defs.' Mot. For the reasons explained below, the federal claims are dismissed, albeit without prejudice for now, and Hunt may file an amended complaint. The Court does not reach the breach

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]The Court has subject matter jurisdiction under 28 U.S.C. § 1331 for the federal claims, and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claim.

of contract issues yet, because if Hunt does not replead the federal claims adequately, then the Court will relinquish jurisdiction over the state law claim.

## I. Background

In evaluating the motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Hunt has been a police officer with the Chicago Police Department since 2013. Compl. ¶ 1. Until 2021, Hunt worked as a beat patrol officer and then as a tactical officer for the Community Safety Unit (formerly called the Gang Unit). *Id.* ¶¶ 1, 11–14. Hunt alleges that in March 2021, the Civilian Office of Police Accountability ordered Hunt's removal from the Community Safety Unit. *Id.* ¶ 1. Hunt alleges that he was then removed from the Community Safety Unit and assigned as a "patrolman" for around three days, and then was assigned to "desk duty" in the equipment and supply room. *Id.* ¶¶ 16, 22.[3] Hunt alleges that in April 2021, then-Superintendent Brown said in a press conference that Hunt was removed from the Community Safety Unit because the Chicago Police Department learned that Hunt was on the team through a news story. *Id.* ¶ 21.

In August 2021, the Civilian Office of Police Accountability "issued paperwork" about a use-of-force incident in May 2020 involving Hunt. Compl. ¶ 23. Hunt alleges that during a riot in May 2020, he arrested a woman after breaking the window of her car. *Id.* ¶ 25. According to Hunt, in February 2022, he was promoted to Field

---

[3]The Complaint is unclear as to the specific dates: Hunt alleges that he received a phone call from a supervisor in June 2021 informing him of his change of assignment, Compl. ¶ 16, but he also alleges that in April and May of 2021 he "was denied deployment to the street," *id.* ¶ 22.

2

Training Officer but then "stripped … of his police powers" the day before starting in his new position, because of this incident. *Id.* ¶ 26.

Hunt alleges that he was not given any explanation for his reassignment—which he characterizes as a disciplinary action—or any paperwork about the reassignment at the time that it happened. Compl. ¶ 18. The Chicago Police Department "later informed" Hunt's representative in the Fraternal Order of Police that he was assigned to desk duty "for his own protection." *Id.* Hunt alleges that the Chicago Police Department did not follow the required protocols in case of a threat against an officer. *Id.* Although Hunt does not provide specifics, he does allege that there was an arbitration hearing about his reassignment, in which the Commander of Labor Relations, Donna Rowling, testified that Hunt was removed from the street initially for his own protection, and then remained off the street after the threat expired, though the threat protocol was not followed in his case. *Id.* ¶ 19.

Hunt alleges that the Defendants violated his procedural due process rights because they failed to conduct a full and fair investigation when reassigning him. Compl. ¶¶ 28–38. Hunt also alleges that the Defendants violated his equal protection rights because he received harsher sanctions than other officers accused of similar or more severe conduct. *Id.* ¶¶ 27–38. Lastly, Hunt claims that the Defendants allegedly partial and unfair investigation violated his contract rights under the Chicago Police Department's collective bargaining agreement. *Id.* ¶¶ 40–46.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

### III. Analysis

### A. Procedural Due Process

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a claim for a procedural due process violation, a plaintiff must demonstrate (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Forgue v. City of Chicago*, 873 F.3d 962, 969 (7th Cir. 2017) (cleaned up). Hunt alleges that he has "a protectable interest in fair and impartial investigations," and the Defendants deprived him of that when his assignment at the Chicago Police Department changed. Compl. ¶¶ 31–32. The Defendants move to dismiss, arguing that Hunt does not have a protectable property interest in the investigation itself or in a particular job assignment with the Chicago Police Department. Defs.' Br. at 3–6.[5]

Hunt does not have a freestanding constitutional right to a certain kind of employment investigation, because a *process* in itself is not a property interest protected by the Due Process Clause. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Applying this long-standing rule, the Seventh Circuit has held, for example, that a plaintiff fails to state a procedural due process claim when seeking to enforce a university disciplinary policy. *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 773 (7th Cir. 2013). The caselaw is "clear": "a plaintiff does not have a federal

---

[5]The Defendants also moved to dismiss Hunt's substantive due process claim, Defs.' Br. at 7–8, but as Hunt's response brief clarifies, the Complaint only asserts a procedural— and not a substantive—due process claim. Pl.'s Resp. at 2 n.1; *see* Compl.

constitutional right to state-mandated process." *Id.* (citing *Olim*, 461 U.S. at 250–51). Hunt's Complaint alleges that he "had a protectable interest … that the Individual Defendants would comply with the statutes, rules, plans, and ethics in the course of their duties by conducting full and fair investigation and impose consistent sanctions," citing the Chicago Police Department's disciplinary policy. Compl. ¶ 31; R. 1, Compl., Exh. C. Even assuming that Hunt had a right to a certain kind of investigation under the collective bargaining agreement or state law, this right is not protected by the federal *Constitution. See Kelly v. City of Chicago*, 2023 WL 1779819, at *1–*2 (N.D. Ill. Feb. 5, 2023) (dismissing a similar constitutional due process claim from a Chicago police officer reassigned to "desk duty" likewise alleging that she had a "protectable interest in fair and impartial investigations." (cleaned up)). Likewise, Hunt also does not have a constitutionally protected property right to a particular job assignment within the Chicago Police Department. *See id.*; *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993) (affirming the decision to dismiss a police officer's due process claim because "property" should not "be extended to the purely dignitary or otherwise nonpecuniary dimensions of employment").

Hunt's only response is that he has a protectable property interest in overtime pay, which he lost the opportunity to earn once he was reassigned to his new role. Pl.'s Resp. at 2–5. But Hunt concedes that the collective bargaining agreement grants "sole discretion" to the Chicago Police Department "to direct the Officers of the Department of Police, *including the right to assign work and overtime.*" R. 1, Compl., Exh. B, Agreement art. 4(D) (emphasis added); *see* Pl.'s Resp. at 4. Further, the cases

that Hunt cites do not support his argument, because both involved police officers who were temporarily suspended *without any pay*, in violation of their contractual rights to work. *Lewis v. Chicago Hous. Auth.*, 1998 WL 774133, at *2–*3 (N.D. Ill. Oct. 28, 1998); *Niebur v. Town of Cicero*, 1998 WL 677155, at *8–*9 (N.D. Ill. Sept. 22, 1998); *see* Pl.'s Resp. at 5. In contrast, the Complaint contains no allegations that Hunt has not continued to receive pay even in his new assignment, or that he was denied work he was entitled to under the collective bargaining agreement. *See* Compl. Hunt has thus failed to state a due process claim.

The Defendants also move to dismiss the due process claim for failure to allege that Hunt availed himself of state remedies, or that state remedies were inadequate. Defs.' Br. at 6–7. Although Hunt has failed to state a claim for the reasons explained above, the Court also briefly addresses this argument in case Hunt chooses to file an amended complaint. "Where state law remedies exist, a plaintiff must either avail [himself] of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996). This is not an exhaustion requirement (there is generally no need to exhaust claims brought under § 1983), but rather makes the point that the state courts are part of the consideration when considering what process is due. Here, the collective bargaining agreement sets out a grievance and arbitration procedure. Compl., Exh. B, Agreement art. 9. Nevertheless, Hunt argues in his response brief that state law remedies, including the agreement's grievance procedure, are "non-existent" in this case. Pl.'s Resp. at 5. But this is belied by Hunt's Complaint, where he briefly alleges that an

arbitration hearing about his reassignment took place. Compl. ¶ 19 (describing testi-
mony at an arbitration hearing about why Hunt was "taken off the street"). Hunt has
thus failed to allege that despite the existence of state law remedies—and indeed the
arbitration that took place in his case—those remedies are inadequate, so his proce-
dural due process claim is also deficient on this ground.

## B. Equal Protection

Hunt also brings an equal protection claim under 42 U.S.C. § 1983, alleging
that the Defendants "applied harsher sanctions toward him than to other officers who
were accused of similar or more severe conduct." Compl. ¶ 27. The Defendants move
to dismiss because Hunt did not plead membership in a protected class, and the
"class-of-one" theory of equal protection is unavailable in public employment cases.
Defs.' Br. at 8–9. Although the Complaint asserts an equal protection claim, Hunt did
not make any arguments in support of his equal protection claim in his response brief.
*See* Pl.'s Resp. In any event, the Defendants are right that public employees must
assert membership in a protected class to adequately state an equal protection claim
alleging different treatment from other similarly situated employees. *Engquist v. Or-
egon Dep't of Agr.*, 553 U.S. 591, 594 (2008); *see Forgue,* 873 F.3d at 968 (explaining
that *Engquist* "created a *per se* rule that public employees may not bring class-of-one
claims against their public employers"). Hunt has thus failed to state an equal pro-
tection claim as a matter of law, and the Defendants motion to dismiss the claim is
granted.

8

### C. Individual and Official Capacities

The Defendants move to dismiss both constitutional claims against Brown and Kersten in their individual capacities for failure to adequately allege their personal involvement. The Defendants also move to dismiss the claims against Brown and Kersten in their official capacities (and thus really are claims against the City of Chicago) for failure to adequately allege that Brown and Kersten were final policymakers, or that they acted pursuant to a custom, policy, or practice of the City. Although Hunt has failed to state a constitutional due process or equal protection claim as a matter of law (as explained above), the Court addresses these arguments for the parties' guidance, again in case Hunt chooses to file an amended complaint.

To state a claim against Brown and Kersten in their individual capacities, Hunt must adequately plead "personal involvement in the alleged constitutional deprivation." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *see Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). The personal involvement requirement is satisfied "if the conduct causing the constitutional deprivation occurs at [an individual's] direction or with his knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (cleaned up); *see Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614–15 (7th Cir. 2002). Hunt alleges that Brown is the Superintendent of the Chicago Police Department and that he explained the reason for Hunt's reassignment in a press conference. Compl. ¶¶ 7, 21. Giving Hunt the benefit of reasonable inferences at this pleading stage, Hunt has thus adequately alleged Brown's personal involvement in Hunt's reassignment. The fact that a Superintendent personally knew

9

the status of Hunt's reassignment gives rise to a plausible and reasonable inference (at the pleading stage) that the Superintendent was involved in the decision. But Hunt only alleges that Kersten is an "employee of COPA [the Civilian Office of Police Accountability] and a superior to Plaintiff," without explaining her personal involvement in the alleged misconduct. *Id.* ¶ 8. And there is no allegation from which to infer her personal involvement. So Hunt has failed to state a claim against Kersten in her individual capacity.

To adequately state a *Monell* claim against the City, Hunt must adequately plead that he suffered a deprivation of his constitutional rights that was caused by a municipal policy, custom, practice. *See Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978); *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021). Three types of action support municipal liability under § 1983: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021) (cleaned up). *Monell* claims are not subject to "any heightened pleading standard," and need only plead sufficient facts to put the municipality on notice of the claims. *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001). But still, a plaintiff must "provide some specific facts" to support his *Monell* claim and cannot simply rely on legal conclusions and conclusory allegations. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (cleaned up). Again,

10

Hunt has adequately pled that Brown acted with final policymaking authority because he is the Superintendent of the Chicago Policy Department and specifically discussed Hunt in a press conference. Compl. ¶¶ 7, 21. But Hunt has failed to state a claim against Kersten in her official capacity because the mere fact that she is an "employee of COPA [the Civilian Office of Police Accountability]" with "final or delegated final policy-making for the City of Chicago," *id.* ¶ 8, does not on its own establish that she has final policymaking authority. The conclusory statement that Kersten acted "pursuant to a custom, policy, and practice of violating individuals' rights to freedom of speech under the First and Fourteenth Amendments" likewise does not adequately state a *Monell* claim. *Id.* ¶ 10.

Assuming the other deficiencies in the Complaint discussed above were to be corrected, Hunt would adequately state a claim against Brown in his individual and official capacities, but would not state a claim against Kersten in her individual or official capacities.

## IV. Conclusion

The Defendants' motion to dismiss Hunt's federal claims is granted, because Hunt has failed to state a procedural due process or equal protection claim as a matter of law. The dismissal is without prejudice, and Hunt may file an amended complaint to fix the deficiencies (only if possible) by October 11, 2024. The Court does not reach the state law breach of contract claim yet, because if Hunt does not replead the federal claims adequately, then the Court will relinquish jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c)(3); *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672

F.3d 476, 478 (7th Cir. 2012) (explaining that "[w]hen federal claims drop out of the case," the trial court has "broad discretion to decide whether to ... relinquish supplemental jurisdiction over the state-law claims"—with a "general presumption in favor of relinquishment").

ENTERED:

_____s/Edmond E. Chang_____
Honorable Edmond E. Chang
United States District Judge

DATE: September 27, 2024